Abbett *v.* The Board of Commissioners of Johnson County.

No. 13,197.

ABBETT *v.* THE BOARD OF COMMISSIONERS OF JOHNSON COUNTY.

NEGLIGENCE.—*Repairing Highway.*—*Liability of County.*—The duty of repairing highways being imposed by statute upon township trustees and road supervisors, a county is not liable for an injury caused to a traveller by the negligence of those charged with such duty.

SAME.—*Conditions Essential to Make County Liable.*—Before liability for negligence can attach to a county, there must be a breach of some duty expressly imposed upon it by statute, and the statute must also have conferred upon its board of commissioners the power to raise and appropriate the means for the performance of the duty.

SAME.—*Repairing Public Bridge.*—*Obstruction of Highway.*—*Negligence of Independent Agents.*—*County not Liable for.*—A county is not liable for an injury caused to a traveller by the negligent obstruction of a highway by the officers or agents to whom it has committed the work of repairing a public bridge, as persons selected under such circumstances are independent public agents, who are personally responsible for their misconduct or delinquency.

From the Johnson Circuit Court.

*W. H. Barnett, J. L. White* and *W. J. Buckingham,* for appellant.

*T. W. Woollen* and *D. D. Banta,* for appellee.

MITCHELL, C. J.—Julia N. Abbett brought this action against the board of commissioners of Johnson county to recover damages for injuries to her person, alleged to have resulted from the careless and negligent obstruction of a public highway by the officers and agents of the board.

The complaint is in two paragraphs. It is charged in the first paragraph that the board, by its officers and agents, carelessly and negligently obstructed a public highway of the county by scattering plank and lumber on either side thereof in such a manner as that the plaintiff's horse took fright thereat, and became unmanageable and ran away, while she was lawfully passing along the public highway in a one-horse

buggy, which was overturned, resulting in injury to the plaintiff.

The second paragraph predicates the liability of the board upon the averment that its officers and agents, while engaged in repairing and rebuilding a certain bridge which formed part of a public highway in the county, negligently and unnecessarily placed plank and lumber along the sides of the highway in a manner calculated to frighten horses of ordinary gentleness, and that the plaintiff's horse took fright and ran away, and that she was injured as a consequence.

The court sustained the defendant's demurrer to the first paragraph, and overruled it as to the second. Subsequently an answer to the second paragraph of the complaint was filed, in which it was alleged, in substance, that, at the time the wrongs and injuries complained of were committed, the bridge mentioned in the complaint was being repaired by the road supervisor of the road district in which it was situate, under the direction of the proper township trustee, and that whatever obstruction there was of the highway resulted from the conduct of the above named officers, without any direction from the board of commissioners.

This answer was held good, and, the plaintiff below refusing to reply, judgment was rendered for the board.

Error and cross-error are assigned, and thus the ruling on both paragraphs of the complaint, as well as upon the sufficiency of the answer, is brought in question here. It is quite certain that neither paragraph of the complaint states facts sufficient to make the county liable.

Appellant's counsel assert that the first paragraph proceeds upon the theory that counties are liable for injuries received on account of defective highways, because the law has given them the power to raise the means, and has made it their duty, to keep public highways in repair.

The assumption that counties are liable because of their power over and duty in respect to highways is not maintained, nor is it maintainable. The law has not given boards

of commissioners general power to raise or appropriate money with which to repair highways; nor has it imposed the duty of keeping public highways in repair upon county boards. It is made their duty to cause all bridges in the county to be kept in repair; outside of this they have no official duties in connection with the repair of public highways. The duty of repairing highways is expressly laid upon township trustees and road supervisors.

The fact that the commissioners exercise a supervisory control over township trustees in the matter of levying road and other township taxes is not controlling. This supervision is not exercised for the benefit of the county as a municipality, but as a public duty imposed upon the board as an agency connected with the revenue system of the State. *Vigo Township* v. *Board, etc.,* 111 Ind. 170.

In the absence of a statute imposing the duty upon counties in express terms, and authorizing county boards to raise and appropriate the means of keeping highways in repair, a county is not responsible for the negligence of those charged with the care of public highways, nor can an action be maintained against it for an injury occasioned by a defective highway, where no right of action is expressly given by statute. *Board, etc.,* v. *Rickel,* 106 Ind. 501; *Mower* v. *Leicester,* 9 Mass. 247; *Board, etc.,* v. *Mighels,* 7 Ohio St. 109; *Eikenberry* v. *Township, etc.,* 22 Kans. 556; *Board, etc.,* v. *Riggs,* 24 Kans. 255; *Hill* v. *City of Boston,* 122 Mass. 344 (23 Am. R. 332); Cooley Torts, 622; 2 Dill. Munic. Corp. 961–966, and notes.

The authorities uniformly agree, that, before liability for negligence can attach to a county, a mere political division of the State, created and existing primarily for governmental purposes, there must have been a breach of some duty expressly imposed upon it by statute, and the statute must also have conferred upon its board of commissioners the power to raise and appropriate the means necessary for the performance of the duty.

While the concurrence of the duty, and the power to raise the means to perform it, may not always, in the absence of a statute giving the right of action, make the corporation liable, it certainly can not be held liable in the absence of an imposed duty, and of the power to secure means for its performance. Counties are held liable, under the rulings in this State, for injuries resulting from defective bridges, because the statute expressly lays the duty of keeping bridges in repair upon the several boards of commissioners, and provides them with ample means for performing the duty.

We are not disposed to extend the liability of counties to cases which do not come strictly within the rule.

Independent of the considerations already mentioned, the first paragraph of the complaint is very clearly bad. It charges that the officers and agents of the board of commissioners carelessly and negligently obstructed a public highway, and that injury resulted therefrom to the plaintiff. There is no averment that the highway was out of repair or dangerous, except as it was made so by the unlawful acts or conduct of the alleged " officers and agents " of the county. Who these officers and agents were, or what they were engaged in doing for the county generally, or at the particular time they caused the obstruction complained of, does not appear. So far as appears, their negligent acts had no reference to any public duty in which they were engaged on behalf of the county. If a county could be held responsible for the negligent or wrongful act of a public officer in any case, it certainly could not be so held unless the act complained of was committed in the performance of some public duty in which the county was interested.

But coming now to the second paragraph of the complaint, from which it appears that the obstruction of the highway was occasioned by the negligent conduct of the alleged officers and agents of the county, while collecting material for the repair of a bridge which was part of a public highway, still the county is not liable.

Assuming that the repair of the bridge had been regularly ordered by the board of commissioners, and that the work was being done under the direction of an agent or superintendent appointed by authority of law, or of some officer to whom the law committed the supervision of the repairs, it would nevertheless be clear that the county would not be liable for the consequences of the neglect or misconduct of the officer or agent. The principle established by the authorities is, that officers or agents selected under such circumstances are regarded as independent public agents, personally responsible for their misconduct or delinquency, and not agents or servants of the county in the sense that the county becomes responsible for their negligent acts.

When the commissioners have taken the steps for the repair of a bridge which the law points out, and have committed the execution of the work to the proper officer or superintendent for whose appointment the law provides, they have discharged the duties which the law lays upon the county in that regard, and the county is not responsible for the negligence of the officers or agents to whom the work is committed, and over whom the board of commissioners can exercise no supervision. Wharton Neg., section 193; *Painter* v. *Mayor*, 46 Pa. St. 213; *Reed* v. *Allegheny City*, 79 Pa. St. 300. This is so because the relation of master and servant does not exist between the county and the officer who superintends the construction or repair of bridges, and, therefore, the maxim *respondeat superior* does not apply. Omissions of duty imposed upon such an officer, or wrongful or negligent acts committed by him, however injurious they may be to others, are not injuries for which the corporation for which he is nominally acting can be held liable in the absence of an express statute, unless the omission or negligence of the officer affects the work for the safety of which the corporation is made responsible. *Vigo Township* v. *Board, etc., supra; Dooley* v. *Town of Sullivan,* 112 Ind. 451; *Hannon* v.

*County of St. Louis,* 62 Mo. 313; *Barney* v. *City of Lowell,* 98 Mass. 570; *Fisher* v. *City of Boston,* 104 Mass. 87 (6 Am. R. 196); *Ogg* v. *City of Lansing,* 35 Iowa, 495 (14 Am. R. 499); *White* v. *Phillipston,* 10 Met. 108; *Bigelow* v. *Randolph,* 14 Gray, 541; Whart. Neg., section 192; Cooley Torts, 620–21; 2 Dill. Munic. Corp., sections 974, 980, and notes.

The conclusion follows, from what has preceded, that the only error committed by the court below was in holding the second paragraph of plaintiff's complaint sufficient. This was not an error of which the appellant can complain.

The judgment is, therefore, affirmed, with costs.

