Morris v. The Board of Commissioners of Switzerland County.

Filed April 27, 1892.

---

No. 15,781.

MORRIS v. THE BOARD OF COMMISSIONERS OF SWITZER-LAND COUNTY.

COUNTY.—*Unhealthy Condition of Jail.*—*Action for Damages.*—A county can not be held liable in an action for damages resulting from a failure of the board of county commissioners to keep the jail in a healthy and inhabitable condition.

From the Switzerland Circuit Court.

*F. M. Griffith,* for appellant.

*G. S. Pleasants,* for appellee.

OLDS, J.—The appellant was confined in the jail of Switzerland county from the 10th day of December, 1887, to the 10th day of December, 1888, by an order of the Switzerland Circuit Court, in pursuance of a judgment of said court on a charge of bastardy, and he brings this action for damages alleged to have been sustained by him on account of the condition of the jail, alleged to have become and to have remained out of repair on account of the failure and neglect of the board of commissioners of said county to put and keep it in repair, as is made their duty by statute; that said jail was badly ventilated, damp, dark and filled with impure and obnoxious air and gases, alleging in detail facts which made the jail unhealthy, and that the impure and unwholesome gases and odors escaping from the same had caused sickness in the neighborhood and in the family of the jailer.

There was a demurrer sustained to the complaint and exceptions reserved, and the ruling assigned as error.

The facts pleaded are sufficient to make a good complaint if the county was liable on account of such failure of duty on the part of the board of commissioners, or for damages resulting on account of a failure to keep the county jail in a pure and inhabitable condition.

The appellant cites and relies upon the sections of the statute making it the duty of boards of commissioners to build and keep in repair county jails, and the decisions of this court holding counties liable for injuries sustained by reason of defective bridges constructed by the counties. As to the rule holding counties liable for defective bridges, now so well settled in this State, in the case of *Board, etc.*, v. *Chipps, ante*, p. 56, it was said: "The decided weight of authority is that, in the absence of a statute upon the subject, a county is not liable for a failure to keep its bridges in repair." This being true, while the doctrine as to bridges is so well settled that it should not be changed by judicial decision, yet it affords a valid reason for not extending the doctrine to

another class of cases, even if the logic of the rule would seem to include them. The most logical and generally accepted theory is, that political subdivisions, such as counties and townships, are created to give effect to and enable the citizens to exercise the right of local self-government. *State, ex rel.,* v. *Denny,* 118 Ind. 449 ; *White* v. *Board, etc.,* 129 Ind. 396. Such subdivisions are instrumentalities of government, and exercise authority delegated by the State and act for the State. As the State is not liable for the acts or omissions of its officers, neither should a political subdivision of the State be liable for the acts or omissions of its officers as relating to political powers. Prisons are constructed and maintained as one of the instruments of and as a means for the purpose of carrying out the police power of the State, and the duty of constructing and maintaining them is imposed upon the counties by the State. The State would not be liable for the acts of its officers in the management or keeping of them in repair, and certainly, in the absence of a statute to that effect, the counties would not be liable.

In the case of *White* v. *Board, etc., supra,* the same question was involved as in this case, and it was there held that the county was not liable, and it is decisive of this case. In that case, speaking of the police power, the court said : " In caring for prisoners, a county exercises part of this great power by virtue of its delegation by the Legislature." *Board, etc.,* v. *Boswell,* 4 Ind. App. ——, holds the same doctrine. In the case of *Summers* v. *Board, etc.,* 103 Ind. 262, it was held that counties are instrumentalities of government and are not liable for injuries caused by the negligence of the commissioners in the selection of an unskilful physician for the poor.

There was no error in sustaining the demurrer to the complaint.

Judgment affirmed, with costs.

Filed April 28, 1892.