### ROBERT GODDARD *vs.* INHABITANTS OF HARPSWELL.

### Sagadahoc.    Opinion May 31, 1892.

*Towns.    Way.    Municipal officers,— their torts, and liabilities of towns.*

It is settled law that when a public officer, in the line of his duty does a public·
work within a town for the public benefit or use, the town, in the absence of·
any directions to him, is not liable for his misconduct in such work, even.
though it appointed him and is obliged to pay the cost of the work.

The distinction between cases of liability and non-liability of towns for the·
torts of its officers is to be found, on the one hand, where the municipality·
has interfered by giving directions, or taking charge of the work by its own
agents ; and, on the other hand, where it has not interfered, but has left the·
work to be done by the proper public officers, in the methods provided by·
the general laws.

*Small* v. *Danville*, 51 Maine, 359, and *Woodcock* v. *Calais*, 66 Maine, 234,
affirmed.

ON MOTION AND EXCEPTIONS.

This was an action of trover, begun November, 1888, and
tried on the general issue, at the December term, 1890, in this
court sitting in Sagadahoc county.   The verdict was for the plaint-
iff for two hundred and fifty-two dollars, and the defendant filed a
general motion for a new trial.   Exceptions were also taken,
but they became unimportant by the disposition made of the
motion by the law court.

The case is stated in the opinion.

*C. W. Larrabee*, for plaintiff.

Counsel cited : *Doherty* v. *Braintree*, 148 Mass. 495, and
cases cited ; *Woodcock* v. *Calais*, 66 Maine, p. 236.   We do
not know positively how this road was built, but the records

and plaintiff's evidence are sufficient to sustain the verdict and the finding of the jury, that defendants built, or rebuilt the the bridge ; and if they had built it by any town official, or by any means tending to divert their liability, it was for the defense to show it, the *onus* was not on the plaintiff.

*Weston Thompson*, for defendants.

EMERY, J.  The County Commissioners of Cumberland county, upon an appeal from the refusal of the selectmen, laid out a town road in Harpswell.  This action of the commissioners was upon appeal affirmed by this court, and the certificate of affirmance sent down May 31, 1886.  Within the limits of the road thus located, the plaintiff had prior to the location placed some amount of stone, timber and earth, with the consent of the owners of the land, for the purpose of constructing a road and bridge, along the same line afterward located by the commissioners.

After the location and establishment of the road by the commissioners, as affirmed by this court, the road and the necessary bridge therein were constructed, and the stone, timber and earth of the plaintiff, found within the limits of the location, were used in such construction.  The plaintiff, assuming that this taking and using of his material were by the direction of the town, or by its authorized agents, brought this action of trover against the town for such conversion.  He recovered a verdict which the town has moved the court to set aside as against law and evidence.

There is no evidence in the case, that the town ever voted to open or build the road, or bridge,— or appropriated any money, or appointed any agents for that purpose, or gave any instructions to any officers, or in any way ever even considered the question. Nor is there any evidence that the municipal officers ever in any way took any direction or cognizance of the matter.  Counsel and witnesses spoke incidentally of the road and bridge having been built by the town, and now the plaintiff asks us to assume that the town built the road and bridge, inasmuch as it was the town's duty to do so, and we may assume that it did its duty. He means for us to assume that the town directly by vote

assumed charge, appointed agents, and gave directions in the matter.

But in the absence of any evidence showing any action of the town or its municipal officers in the premises, we cannot assume anything more than that the road and bridge were built by the usual public officer, (in this case the highway surveyor of the district) in accordance with the directions of the statute and the commissioners. This assumption gives full effect to any presumption of duty done, and, indeed, such acts of public officers are commonly spoken of as acts of the town, though not technically or legally so.

Giving the plaintiff the full benefit of this assumption, is the town proven guilty of the unlawful conversion of his material?

It is settled law that when a public officer, in the line of his duty, does a public work within a town, for the public benefit, or use, the town in the absence of any directions to him is not liable for his misconduct in such work, even though it appointed him, and is obliged to pay the cost of the work. *Small* v. *Danville*, 51 Maine, 359 ; *Mitchell* v. *Rockland*, 52 Maine, 118 ; *Cobb* v. *Portland*, 55 Maine, 381 ; *Woodcock* v. *Calais*, 66 Maine, 234 ; *Farrington* v. *Anson*, 77 Maine, 406 ; *Bulger* v. *Eden*, 82 Maine, 352.

A highway surveyor is a public officer, charged with a public duty, "to open and keep in repair" public ways legally established within his district. He is appointed and paid by the town, and the town supplies him with the necessary funds for the performance of his duty. But the town does all this, as a public duty, not for its own peculiar gain. It has no proprietorship in the roads and bridges built and maintained by taxes upon its inhabitants. The roads and bridges belong to the public.

In appointing highway surveyors, in raising and expending money for roads and bridges, the town acts simply as the political agent of the State, and should have no more pecuniary liability for the misconduct of such officer, than should the Governor for the misconduct of a public officer bearing his. commission. Of course, the statute may impose such a liability on a town, as it may on the Governor, but no such statute is. invoked or cited in this case.

It was in accordance with these principles that *Small* v. *Danville*, 51 Maine, 359 was decided. In that case the plaintiff had some split stones lying upon the land taken for a highway, when the way was located. In building a culvert in this highway the highway surveyor of the town used this split stone, and the plaintiff brought an action of trespass against the town. It was conceded that the using of the stone constituted a trespass, but it was held that the town was not liable. That case was very like this in its facts. The surveyor was evidently opening and making a road just located. The principle there established is decisive of this case.

The plaintiff cites several cases from Massachusetts, which should be noticed. In *Hawks* v. *Charlemont*, 107 Mass. 414, the town voted to take charge, and appointed its selectmen as agents with full discretion. It did not leave the work to the highway surveyors. In *Deane* v. *Randolph*, 132 Mass. 475, the town voted to put the selectmen in charge of the work and they assumed such charge, hiring men, &c. In *Waldron* v. *Haverhill*, 143 Mass. 582, the city "instead of leaving the duty of keeping the highways in repair, to be performed by the officers and in the methods provided by the general laws," assumed to perform it by means of its own agents. In *Doherty* v. *Braintree*, 148 Mass. 495, the town voted to take charge of the work, and appointed a committee of five to act with the selectmen, all as agents of the town.

On the other hand, in the later case in the same State, *Prince* v. *Lynn*, 149 Mass. 193, the same court re-iterated the doctrine that the municipality was not liable for the misconduct of its highway surveyors while engaged in their public duties. In the still later case of *Hennessey* v. *New Bedford*, 153 Mass. 260, the city voted a specific sum of mony for the improvement of a particular street. The mayor and street commissioner without special instructions, assumed the care of the work. *Held*, that the city was not liable for their misconduct in the premises.

The distinction between the two classes of cases is clear. In the one class the municipality has interfered by giving directions or taking charge of the work by its own agents, as in *Wood-*

*cock* v. *Calais*, 66 Maine, 234. In the other class, the municipality has not interfered "but has left the work to be performed by the proper public officers, in the methods provided by the general laws."

Upon a new trial the plaintiff may be able to adduce evidence which will bring the case within the former class, but upon the evidence now before us, the case is clearly within the latter class.

The exceptions do not need to be considered.

*Motion sustained. New trial granted.*

PETERS, C. J., WALTON, VIRGIN, HASKELL and WHITEHOUSE, JJ., concurred.