Filed June 9, 1892.

---

No. 15,802.

## THE BOARD OF COMMISSIONERS OF VIGO COUNTY v. DAILY.

COUNTY.—*Liability for Negligence of its Officers.*—In an action for damages alleged to have been occasioned by the negligence and carelessness of the county commissioners in the care and control of a court-house, the county is not liable. It can not be held liable for the negligence of its agents or officers, unless made so by statute.

From the Parke Circuit Court.

*I. N. Pierce, G. W. Faris* and *S. R. Hamill,* for appellant.
*J. E. Lamb, C. McNutt* and *J. G. McNutt,* for appellee.

132 73
137 406
138 611
132 73
142 28
142 575
132 73
144 113
132 73
160 12
132 73
170 608

MILLER, J.—The appellee brought this action against the appellant to recover damages for a personal injury occasioned by the alleged negligence and carelessness of appellants, in the care and control of the court house of Vigo county.

Several errors have been assigned, and are discussed by counsel, but we regard the question of law presented by the ruling upon the demurrer to the complaint as decisive of the action.

It is now well settled that counties are involuntary corporations, organized as political subdivisions of the State for governmental purposes, and not liable, any more than the State would be liable, for the negligence of its agents or officers unless made liable by statute. *White* v. *Board, etc.*, 129 Ind. 396; *Smith* v. *Board, etc.*, 131 Ind. 116; *Morris* v. *Board, etc.*, 131 Ind. 285; *Abbett* v. *Board, etc.*, 114 Ind. 61; *Board, etc.*, v. *Boswell*, 4 Ind. App. 133; *Shepard* v. *Pulaski Co.* (Ky.), 18 S. W. R. 15; *Downing* v. *Mason Co.*, 87 Ky. 208; *Hite* v. *Whitley* Co., 15 S. W. R. 57; Elliott Roads and Streets, 323.

There may be little distinction between the duties imposed upon boards of commissioners in the care and management of bridges, and of public buildings; but, while we regard the liability of counties for negligence in failing to keep bridges in repair as well settled, we recognize the fact that the weight of authority is the other way (*Board, etc.*, v. *Chipps*, 131 Ind. 156; Elliott Roads and Streets, *supra*), and are not disposed to extend the rule so as to embrace other cases. *Smith* v. *Board, supra*; *Green* v. *Harrison Co.*, 61 Iowa, 311.

In our opinion the court erred in overruling the demurrer to the complaint.

The judgment is reversed, with instructions to sustain the demurrer to the complaint.

Filed June 7, 1892.