Filed April 18, 1894.

———————◆———————

No. 16,559.

CONES *v.* THE BOARD OF COMMISSIONERS OF BENTON COUNTY.

COUNTY.—*Liability for Personal Injury Sustained by Reason of Defective Gravel Road.*—A county can not be held liable for personal injuries sustained while traveling upon a free gravel road of the county, and by reason of defects in the construction and repair of such road. No implied liability exists as to this class of cases, as is applied in case of defective bridges.

From the Benton Circuit Court.

*U. Z. Wiley* and *C. M. Snyder*, for appellant.

*M. H. Walker* and *G. H. Gray*, for appellee.

HACKNEY, J.—The appellant, by a complaint in two paragraphs, sought damages from the appellee for personal injuries sustained while traveling upon one of the system of free gravel roads of said county, and by reason of defects in the construction and repair of said road.

The circuit court sustained a demurrer to each of said paragraphs of complaint, and that ruling is the only error assigned in this court.

The appellant's theory is that under the laws of this State authorizing counties to construct free gravel roads and providing agencies and means for keeping such roads in repair, through the direction and control of the boards of commissioners of the counties, there is an implied liability of such counties for personal injuries resulting from the failure to make such repairs.

To this theory are cited the decisions of this court, holding that the duty resting upon the counties to keep public bridges in such repair that they are reasonably safe for public travel and the provision of means with which to make such repairs imply a liability for injuries resulting from a failure to discharge that duty. There are, also, many cases cited in which cities and towns were held liable where a breach of duty to repair streets resulted in injuries.

The appellee's counsel concede the application of the rule so held with relation to bridge repairs and liability if counties are charged with a duty to repair free gravel roads and if means are provided for that purpose, but they deny that such duty is charged or that such means are provided.

We feel constrained to deny this concession, and, at the same time, to agree with the appellant that such duty does exist, accompanied with provision for means to discharge it. The duty and the direction of levies to perform it may be seen from Elliott's Supp., sections 1446, 1483, 1532, 1591; Acts 1879, p. 226; R. S. 1894, sections 6868, 6869, 6912.

Our conclusion will render it unnecessary to set out these provisions.

It is quite true that the principle adopted in the bridge cases is in perfect analogy to the case before us, and if we would be consistent those cases would control the present; but we are fully convinced that the principle there adopted, of an implied liability, is not in harmony with the great weight of authority, ancient and modern. This view of these cases is not new.

In *Board, etc.*, v. *Rickel*, 106 Ind. 501, it was said: "It is our deliberate conclusion that the decisions have gone to the very verge in holding a county liable where persons who have entered a bridge have sustained injury

because of the negligence of the county officers in constructing or maintaining the bridge, and we can carry the doctrine no further.''

In *Smith* v. *Board, etc.*, 131 Ind. 116, this was held to be the only exception to the rule that counties are not liable, in the absence of an express statute, for the negligent or tortious acts of their officers and agents.

In *Morris* v. *Board, etc.*, 131 Ind. 285, it was said, quoting from *Board, etc.*, v. *Chipps, Admr.*, 131 Ind. 56: ''The decided weight of authority is that in the absence of a statute upon the subject, a county is not liable for a failure to keep its bridges in repair, and continuing it was further said: This being true, while the doctrine as to bridges is so well settled that it should not be changed by judicial decision, yet it affords a valid reason for not extending the doctrine to any other class of cases, even if the logic of the rule would seem to include them.''

Again, in *Board, etc.*, v. *Daily*, 132 Ind. 73, it was said that ''while we regard the liability of counties for negligence in failing to keep bridges in repair as well settled, we recognize the fact that the weight of authority is the other way, and are not disposed to extend the rule so as to embrace other cases.'' The liability did not exist at common law, and does not exist by statute with respect to bridges or highways, and the objections to liability are well stated in *Hollenbeck* v. *County of Winnebago*, 95 Ill. 151, as follows: ''No reason is perceived why a county should be held to respond in damages for the negligence of its officers while acting in the discharge of public corporate duties enjoined upon them by the laws of the State. Counties are but local subdivisions of the State, clothed with but few corporate powers, and these not of a private character. * * * * In fact, the powers and duties of counties bear such due analogy to the governmental functions of the State at large, that as well

might the State be held responsible for the negligent acts of its officers as counties.''

This principle was stated in *Morris* v. *Board, etc., supra,* as follows: ''The most logical and generally accepted theory is, that political subdivisions, such as counties and townships, are created to give effect to and enable the citizens to exercise the right of local self-government. *State, ex rel.,* v. *Denny,* 118 Ind. 449; *White* v. *Board, etc.,* 129 Ind. 396.

''Such subdivisions are instrumentalities of government, and exercise authority delegated by the State and act for the State. As the State is not liable for the acts or omissions of its officers, neither should a political subdivision of the State be liable for the acts or omissions of its officers as relating to political powers.''

The following is a still further statement of this principle in our own State: ''A county is a civil or political division of the State, created by general laws to aid in the administration of the government, and in the absence of a statute imposing special duties with corresponding liabilities, is no more liable for the tortious acts or negligence of its officers and agents than the State.'' *Smith* v. *Board, etc., supra.*

And, in the case of *Board, etc.,* v. *Daily, supra,* this court said, in expressing the rule and the reason therefor: ''It is now well settled that counties are involuntary corporations, organized as political subdivisions of the State for governmental purposes, and not liable for the negligence of its agents or officers, unless made liable by statute.''

We have not quoted the numerous citations of authority in support of these propositions, and content ourselves by citing the cases quoted from, and the very full discussions of the questions there announced, and the very numerous authorities cited by the works of Elliott.

on Roads and Streets, pp. 39, 40, 41, 42 and 323; Beach on Pub. Corp., sections 734, *et seq.;* 4 Am. and Eng. Encyc. of Law, p. 359, section 4. and Angell on Highways, section 286.

It will be found that the authorities upon which cities and towns, as municipal corporations, are held liable for the results of the negligence of official duties make this distinction: That such municipalities are voluntary corporations organized for corporate purposes, and possessing legislative, administrative and judicial functions not possessed, to the same degree, by counties or townships, and that they exercise and enjoy advantages purely local and which are independent of the State, and inure to their benefit as distinguished from that of the State.

We are aware that profound jurists do not agree with the doctrine that cities and towns are less governmental subdivisions of the State, and that they are less instrumentalities of the State than counties or townships, but, aside from the reasons so stated for the support of the distinction, it is plain to us that counties have no such power as cities or towns to ordain, in a corporate capacity, what improvements shall be made, the free choice of agents to make them, and the discretion as to the rate of levy to be made for the same    Nor have counties the express power, nor the power necessarily implied, to raise a fund to pay damages for injuries, unless we imply this power, not from legislative grant, but from the liability implied in any case.

. General powers are not extended to counties, but the measure of their privileges must be found expressed by, or necessarily implied from, some statute.

Highways are the arteries of the State, and the State has never surrendered her right to direct, by legislation, the manner and agencies through which they are cre-

ated, maintained, and vacated. Even as to free gravel roads, the only power to create them and maintain them is by special and direct authority from the State, even to the detail of naming the officer and prescribing his duties, who shall perform the various elements of that authority.

The State has retained the power to punish not only for the neglect of official duty with relation to highways, but for the obstruction of, and interference with, public travel upon them. As to repairs of free gravel roads, the Legislature has limited the fund to be raised for that purpose, and we have no doubt that it was never contemplated that any part of that fund should be applied to the payment of damages resulting from the negligence of the agents so directed to make repairs.

However, in this case we are not dealing with the liability of cities or towns, nor with that of counties, in reference to the repair of bridges, and we are not called upon to reconcile any apparent conflict in the application of principles to the so-called civil and political governmental subdivisions of the State and the municipal corporations. We are now asked to apply to counties a new liability, not created by statute, but implied from a duty enjoined and the provision of means for the performance of that duty, and the strongest reason asserted for applying it is that it has been implied in other cases.

We have already shown that this court has not been inclined to extend the liability of counties, and if the only requisite to liability had been a duty, and the means of performing it, counties would not have been held exempt from liability in *White* v. *Board, etc., supra,* and *Morris* v. *Board, etc., supra,* for injuries sustained from defective sanitary regulations in county jails, which, by law, county boards are required to keep in repair, and

Cones *v*. The Board of Commissioners of Benton County.

are provided with revenues for that purpose. So, in *Board, etc.*, v. *Daily, supra*, where an injury was sustained from defective court house repairs; so in *Summers* v. *Board, etc.*, 103 Ind. 262, where the commissioners employed an unskilled and careless surgeon for the poor, whereby a broken limb was improperly reduced; and so in *Smith* v. *Board, etc., supra*, where a laborer was injured by the fault of a member of the board while he was engaged by and for the county board assisting in removing a public bridge, under the personal direction of a member of the board who was unskilled and negligent, and who was known to be so when placed in charge of the work.

No question of sound public policy is suggested in support of the extension of liability, and when we remember that to extend it and place counties and cities under the same liability, the same duties must be held to exist. If counties were obliged to so grade, drain, construct and guard the highways within their borders and in making free turnpikes, as cities are required to with their streets, and if like care were exacted from each for the safety of travelers, the question of free turnpikes would soon be solved by the inability of counties to construct and support them. Nor are we inclined to extend the doctrine as an inducement to public officers to perform their duties faithfully, since the people may choose honest and faithful servants, and the criminal laws of the State, with possible personal liability for neglect of duty, stand as an inducement, if not as a menace to the end desired.

Being fully convinced that the liability of counties should not be extended to the class of cases to which this belongs, we conclude that the circuit court committed no error in sustaining the demurrer to the complaint.

The judgment is affirmed.

Filed April 24, 1894.