Filed November 22, 1895.

---

No. 1,529.

## SHRUM v. THE BOARD OF COMMISSIONERS OF WASHINGTON COUNTY.

COUNTY.—*Liability for Personal Injury Caused by Defect in Highway.*—A county is not liable for injuries sustained by a person by reason of defects in a free gravel road or an ordinary highway.

From the Washington Circuit Court.

*Mitchell & Mitchell* and *J. L. Shrum*, for appellant.

*J. H. Masterson* and *Zaring & Hottel*, for appellee.

LOTZ, J.—The appellant's daughter, a minor, was injured while traveling upon a public highway in Washington county. He brought this action to recover for the loss of her services and for medical care and nursing, which he procured for and rendered to her. His com-

plaint was in four paragraphs. It appears from the averments that the board of commissioners of that county, under a petition filed before it, undertook to lay out, straighten and improve a certain highway between the town of Salem and the town of Canton. In so doing, a part of the old highway was vacated and the road ordered constructed on a new line; that the board, by and through its officers and agents, undertook to and did construct the road upon a new line; that said new line at one point was constructed along the edge of a rocky bluff contiguous to the Blue River; that the road bed at this point was very narrow and insufficient in width for persons traveling in vehicles in opposite directions to pass; that the embankment was several feet high, the slope extending down to the water of the river; that the road was out of repair, there being large holes in the embankment and large stones placed thereon, and there was no guard rail on the embankment to prevent persons traveling thereon from falling therefrom; that appellant's daughter was traveling on horseback on said road at said point, and met a vehicle traveling in the opposite direction, and in the effort to pass, the horse she was riding fell down the embankment and she was injured, she being without fault. It is alleged that the road was negligently constructed and negligently permitted to become out of repair. The allegations vary in each paragraph, but they are in legal effect the same. The court below sustained a demurrer for want of facts to each paragraph, and these rulings are the errors assigned here.

It does not appear very clearly whether the embankment was a part of a free gravel road or of an ordinary highway. So far as the legal aspect is concerned, this is immaterial. It is clear that it formed no part of a bridge over a watercourse. Appellant's counsel in their

Shrum v. The Board of Commissioners of Washington County.

argument assume that it is a part of a free gravel road. Proceeding upon this basis, they argue that as the laws of this State give the board power to construct such roads and provide means and agencies for keeping them in repair, a duty arises requiring the board to keep the road reasonably safe for public travel and in reasonable repair; that for a violation of this duty the county is liable for injury resulting, and they rely upon a long line of bridge cases following, *House* v. *Board, etc.*, 60 Ind. 580. Conceding those cases to have been correctly decided, it must be admitted that counsel's position is consistent and logical. The soundness of the rule announced in those decisions is questioned and in some jurisdictions denied, the position being that the State is never liable except by its own consent; that counties are mere subdivisions of the State and instrumentalities of local government; that, as the State is not liable for the acts or omissions of its officers, neither should a political subdivision of the State be liable for the acts or omissions of its officers relating to political powers.

The supreme court of this State expressly refused to extend the rule in bridge cases to any other class of cases, no matter how logical in effect. Accordingly, in *Cones* v. *Board, etc.*, 137 Ind. 404, it was held that a county is not liable for injuries sustained by a person while traveling upon a free gravel road of the county, by reason of the defects in the construction and repair of such road; that no implied liability exists in this class of cases as applied in bridge cases.

If the county is not liable in case of a free gravel road, much less is it liable in cases of ordinary highways.

Judgment affirmed.

Filed September 17, 1895 ; petition for rehearing overruled November 22, 1895.