SCHNURR ET AL. *v.* THE BOARD OF COMMISSIONERS OF HUNTINGTON COUNTY ET AL.

[No. 2,742.    Filed April 7, 1899.]

DAMAGES.—*Construction of Sewer.—Cities.*—An action will not lie against a city for damages to a property owner caused in blasting stone in making a sewer connection from the court-house to the city sewer by the board of county commissioners, authorized by the city, where the work was not necessarily dangerous, but became dangerous through the manner in which the work was done by a party over whom the city had no control.    *pp. 188, 189.*

SAME.—*Construction of Sewer.—County Commissioners.*—The individual members of the board of county commissioners are not liable for an injury resulting from the construction of a sewer, where the injury resulted from the conduct of an independent contractor who was not in the employ of the individual members of the board.    *p. 189.*

SAME.—*Counties.*—A county is not liable in damages for torts except as imposed by statute.    *p. 189.*

SAME.—*Counties.—Negligence of County Officer.*—An action will not lie against a county for an injury received by one on account of the negligence of a county officer, unless a right of action is expressly given by statute.    *p. 190.*

SAME.—*County Commissioners.—Sewers.—Contractor's Bond.*—The board of county commissioners is not liable for damages on account of an injury sustained in the construction of a sewer by reason of its failure to require the contractor to give bond, as the only bond that could have been exacted would have been conditioned for the faithful performance of the work, and payment of all debts incurred by the contractor in the prosecution of the work.    *pp. 189, 190.*

From the Huntington Circuit Court. *Affirmed.*

*Ibach & Ibach* and *B. M. Cobb*, for appellants.

*John R. Cline, France & Dungan* and *Whitelock & Cook*, for appellees.

ROBINSON, J.—Appellants' complaint avers that appellee board undertook to construct a sewer from the court-house, to connect with a sewer of the city of Huntington, with the

city's consent, and employed an irresponsible and incompetent person without bond to do the work; that the board knew that in doing the work it would be necessary to use explosives to blast rock through which the sewer was to be built; that in doing the work the workmen by negligently and carelessly blasting rock damaged appellants' building. The individual members of the board, and the city of Huntington, were made defendants. Demurrers by the several defendants were sustained, and these rulings are assigned as errors.

The complaint is bad as against the city, which was simply a licensor. The work was not necessarily dangerous, but became dangerous through the manner in which it was done by a party over whom the city had no control whatever. The complaint does not show that the act authorized by the city was intrinsically dangerous. *Wheeler* v. *City of Plymouth*, 116 Ind. 158; *City of Warsaw* v. *Dunlap*, 112 Ind. 576.

The demurrer of the individual members of the board was properly sustained. The complaint shows that the contractor's neglect was the sole and only cause of the injury. It is not shown that anything that the individual members of the board did, or neglected to, brought about, or contributed to bring about, the injury. Besides, the injury resulted from the conduct of an independent contractor, who was not even in the employ of the individual members of the board, but of the board as a corporation. See *New Albany, etc.*, v. *Cooper*, 131 Ind. 363; *Vincennes Water Supply Co.* v. *White*, 124 Ind. 376; *Wabash, etc., R. Co.* v. *Farver*, 111 Ind. 195; *Zimmerman* v. *Baur*, 11 Ind. App. 607; *Newman* v. *Sylvester*, 42 Ind. 106.

Nor does the complaint state a cause of action against the board of commissioners. The prevailing rule is that, except as imposed by statute, expressly, or by necessary implication, a county is not liable in respect of torts. The reason for the rule is that a county is a political subdivision of the State for the convenience of government, and the same exemption

from liability that is applied to the State is extended to the county, as a political subdivision of the State. See *Board, etc.,* v. *Daily,* 132 Ind. 73; *Board, etc.,* v. *Richel,* 106 Ind. 501; *White* v. *Board, etc.,* 129 Ind. 396; *Summers* v. *Board, etc.,* 103 Ind. 262; *Board, etc.,* v. *Boswell,* 4 Ind. App. 133; Robinson, County Officers, section 21.

The principle is well settled that an action will not lie against a county for an injury received by one on account of the negligence of a county officer, unless a right of action is expressly given by statute. See *Board, etc.,* v. *Allman,* 142 Ind. 573, 39 L. R. A. 58, and cases there cited.

The work which the board had employed the contractor to do was not in itself unlawful, nor was it intrinsically dangerous, nor was the doing of such work in a public street necessarily a nuisance. Injury could only result from doing the work in a negligent manner. The board had no control over the means and methods of doing the work, but they were subject to the exclusive control of the persons employed. The relation of master and servant did not subsist. The doctrine of *respondeat superior* does not apply. See *Smith* v. *Board, etc.,* 131 Ind. 116; *Abbett* v. *Board, etc.,* 114 Ind. 61; *Board, etc.,* v. *Daily, supra; Ogg* v. *City of Lansing,* 35 Iowa 495, 14 Am. R. 499; *Summers* v. *Board, etc., supra; Morris* v. *Board, etc.,* 131 Ind. 285; *Cowes* v. *Board, etc.,* 137 Ind. 404.

It is argued that the board should have required the contractor to give bond. But the only bond the board could have exacted would have been conditioned for the faithful performance of the work, and prompt payment of all debts incurred by the contractor in the prosecution of the work, such as for labor, material, and boarding laborers. Appellants were not damaged by the failure to require such a bond. *Board, etc.,* v. *Norrington,* 82 Ind. 190. Section 5592 Burns 1894, section 4245 Horner 1897.

Judgment affirmed.

Wiley, J., absent.