## TALBOTT ET AL. v. BOARD OF COMMISSIONERS OF THE COUNTY OF ST. JOSEPH.

[No. 6,158. Filed June 30, 1908.]

1. COUNTIES.—*Liability.—Officers.—Torts.*—No action lies against a county for the torts of its officers, unless such right is expressly given by statute. p. 199.

2. SAME.—*Bridges.—Extra Work.*—A county is not liable for the extra cost of putting in piling for the support of a bridge, where the specifications, which were made a part of the contract, indicated that gravel and hardpan would be found in the river bed, the bed actually being full of boulders which had· to be removed in order that such piling could be driven. p. 200.

3. PLEADING. — *Complaint.—Counties.—Claims.—Appropriations. — Bridges.*—A complaint against a county for the cost of constructing a bridge is bad, where it fails to allege that an appropriation was made therefor. p. 200.

4. NOTICE.—*Statutes.—Presumptions.*—Parties are conclusively presumed to have knowledge of public statutes. p. 201.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by Harry E. Talbott and another against the Board of Commissioners of the County of St. Joseph. From a judgment for defendant, plaintiffs appeal. *Affirmed.*

*Hubbard & Hubbard* and *Robert Ramsey,* for appellants.

*Fred Woodward, Vernon C. Hastings* and *Charles P. Gray,* for appellee.

WATSON, J.—Appellants, who are bridge contractors, brought this action against appellee to recover damages in tort and on contract, basing their claim upon false representations and breach of contract concerning certain bridge plans· furnished to them by appellee and on which they had relied in preparing a bid for the construction of a steel and concrete, Milan-arch bridge over the St. Joseph river in the city of Mishawaka, St. Joseph county, Indiana. Owing to the magnitude of the contract appellee advertised in the local weekly papers and in various engineering journals for bids, such advertisements providing that

the bids should be based upon the plans, specifications and drawings which appellee had caused to be prepared and filed in the office of the county auditor. Relying solely upon these plans, specifications and drawings, appellants, whose place of business was in Dayton, Ohio, submitted a bid for $57,229, which was accepted. There were words on the blueprint construed by appellants to mean that gravel and hardpan would be found in the river bed where the piers were to be placed. As a matter of fact such soil contained large masses of rock and boulders, which were so wedged together that they had to be removed before piling could be driven. This was done by appellant at the additional expense of $15,000, which, before bringing suit, was demanded of the auditor and board of commissioners of said county and refused,˙ and for which this suit is brought.

Appellee filed a demurrer to the complaint, which was sustained by the court, and upon which ruling error is assigned.

The first paragraph of the complaint was drawn on the theory that by a misrepresentation as to the nature of the river bed appellee's officers committed a fraud upon appellants.

It is well settled in this State that counties are not liable for the tortious acts of county officers or agents, even when engaged in the performance of their duties, unless a

1. right of action against the county therefor is expressly given by statute. *Board, etc.,* v. *Boswell* (1892), 4 Ind. App. 133; *Board, etc.,* v. *Reinier* (1897), 18 Ind. App. 119; *Schnurr* v. *Board, etc.* (1899), 22 Ind. App. 188; *Summers* v. *Board, etc.* (1885), 103 Ind. 262, 53 Am. Rep. 512; *White* v. *Board, etc.* (1891), 129 Ind. 396; *Smith* v. *Board, etc.* (1892), 131 Ind. 116; *Morris* v. *Board, etc.* (1892), 131 Ind. 285; *Board, etc.,* v. *Daily* (1892), 132 Ind. 73; *Cones* v. *Board, etc.* (1894), 137 Ind. 404; *Freel* v. *School City of Crawfordsville* (1895), 142 Ind. 27, 37 L. R. A. 301; *Board, etc.,* v. *Allman* (1895), 142 Ind. 573, 39 L.

R. A. 58. In the case of *Smith* v. *Board, etc., supra,* the court said: ''A county is a civil or political division of the State, created by general laws to aid in the administration of the government, and, in the absence of a statute imposing special duties with corresponding liabilities, is no more liable for the tortious acts or negligence of its officers and agents than the State.''

Appellants contend that the case at bar is to be distinguished from those cited by the fact that by reason of said tortious acts on the part of its officers the county has obtained certain property which it will be enabled to hold without remunerating appellants if this relief is not granted.

The distinction is more of form than substance. In the absence of a bar to the proper action, the fact emphasized by appellants in their brief would render the county

2. liable for the value of the property thus received.

But this is a controversy over a contract. It is not a case where property of appellants has been either wilfully or negligently appropriated by the agents of the county for the use and benefit of said county. At the last analysis it is for extra pay over the contract price, for extra work. Such a liability in no way conflicts with the stated rule, *i. e.,* that a county is not liable for the tortious acts of its officers. The two remedies are separate and distinct. Therefore, under appellants' own contention that the first paragraph of the complaint states an action in tort, it was not sufficient to withstand a demurrer.

The further question then remains whether, in the absence of an allegation that a fund had been appropriated to pay the amount claimed, the complaint states a cause

3. of action in contract. The statute (§5933 Burns 1908, Acts 1899, p. 343, §16) requires each county officer to make an itemized estimate of the amount of money required for the ensuing year. Among the items to be included in the estimate prepared by the county commissioners is the amount required for building bridges, giving

location and amount of each (§5936 Burns 1908, Acts 1899, p. 343, §19). Provision is made for additional appropriations in the event of an emergency (§5938 Burns 1908, Acts 1907, p. 332, §2), but such further appropriation is not made mandatory. The statute also provides: "No board of county commissioners, officer, agent or employe of any county shall have power to bind the county by any contract or agreement, or in any other way, to any extent beyond the amount of money at the time already appropriated by ordinance for the purpose of the obligation attempted to be incurred, and all contracts and agreements, express or implied, and all obligations of any and every sort, beyond such existing appropriation, are declared to be absolutely void." §5942 Burns 1908, Acts 1899, p. 343, §25. The complaint does not allege that an appropriation had been made for the payment of this claim or for the payment of a class of claims under which the claim in question would fall. Nor is the claim one of those which may be paid without an appropriation by the county council (§5939 Burns 1908, Acts 1899, p. 343, §22). Appellants were bound to take notice of the law that the county could not be held liable

4. for an amount beyond that appropriated by the county council. *Board, etc., v. Redifer* (1903), 32 Ind. App. 93; *Board, etc., v. Babcock* (1904), 33 Ind. App. 349; *Turner* v. *Board, etc.* (1902), 158 Ind. 166; *Board, etc., v. Mowbray* (1903), 160 Ind. 10; *Board, etc., v. Hunter* (1903), 161 Ind. 478; *State, ex rel., v. Parks* (1907), 169 Ind. 93. Therefore, in the absence of an averment of an appropriation, the complaint was insufficient on demurrer.

The court below did not err in sustaining the demurrer to the complaint, and the judgment is therefore affirmed.

Roby, J., absent.