McDERMOTT *v.* BOARD OF COMMISSIONERS OF THE COUNTY OF DELAWARE, ET AL.

[No. 8,812. Filed November 19, 1915.]

1. COUNTIES.—*Board of County Commissioners.—Liability for Negligence.*—A county, being an involuntary *quasi* corporation created by the sovereign power of the State for governmental purposes and whose functions are to be performed solely as provided by law, is not liable for the negligence of its officers in the absence of statute creating liability, and the negligent failure of a board of

county commissioners to keep the courthouse steps in proper condition, resulting in injury to a person attempting to use same, forms no exception to the rule, notwithstanding §5989 Burns 1914, §5748 R. S. 1881, which requires such boards to keep the public buildings in repair, since such statute imposes no liability for failure so to do.    p. 212.

2. NEGLIGENCE.—*Wilful Injury.*—Acts or omissions complained of can not be both negligent and wilful, since to constitute a wilful injury the act or omission which produced it must have been intentionally committed or omitted under such circumstances as to evince a reckless disregard for the safety of others and a willingness to inflict the injury.    p. 215.

3. COUNTIES.—*Board of County Commissioners.*—*Negligence.*—*Individual Liability.*—The board of county commissioners acts for and represents the county and is an entity for the performance of the business falling within the statutory scope of its duties, and its failure to discharge a duty is nonfeasance in office for which the county is not liable; and, aside from the privity of relation which individual members of the board bear to the county by reason of being officers charged with the performance of prescribed duties, their relation to the county is the same as that of any other inhabitant, neither conferring greater authority nor imposing additional responsibility; hence, though it is the statutory duty of the board of county commissioners to keep the public buildings in repair, the negligent failure of the board to do so will not render the members individually liable to one injured by reason of such omission.    p. 215.

From Delaware Circuit Court; *William A. Thompson,* Judge *Pro Tem.*

Action by Carrie McDermott against the Board of Commissioners of the County of Delaware and others. From a judgment for defendants, the plaintiff appeals.    *Affirmed.*

*John T. Meredith,* for appellant.
*Ralph S. Gregory,* for appellees.

MORAN, J.—This action was brought by appellant against appellees, the Board of Commissioners of the County of Delaware, Indiana, and the individual members thereof, for personal injuries sustained by appellant, which she alleges she suffered by reason of a fall upon defective stone steps, which led to and from the second story of the courthouse in the city

of Muncie, Indiana, upon which it is alleged appellees negligently permitted ice and snow to accumulate. Appellees filed separate demurrers to the complaint, which were sustained, and upon failure to plead further, judgment was rendered against appellant that she take nothing by her complaint and that appellees recover costs. From this judgment an appeal has been taken.

The only question involved is whether appellees are liable under the law to appellant for the injuries suffered in the manner alleged in the complaint. After alleging the location of the courthouse in the city of Muncie, Indiana, and that appellees, William T. Janney, John B. Jackson and William Sunderland, were on January 9, 1912, the qualified and acting commissioners of the county, the complaint further alleges in substance that on the east side of the courthouse leading up to it were stone steps, which it was the duty of appellees to maintain and keep in repair, and which formed the only approach to the courthouse from the east; the stone steps were carelessly, negligently and wilfully allowed and permitted by appellees to be and become and remain out of repair in that all except the top one were broken in two near the middle and slanted downward, and became coated with a slick covering of ice and snow, which appellees negligently and wilfully allowed to accumulate upon the steps to a depth of three or four feet, leaving but a narrow passageway about two feet wide up and down the middle thereof, all of which was known to appellees. On January 9, 1912, appellant while attempting to descend the steps, not knowing of the dangerous and unsafe condition thereof, and exercising due care, slipped and fell, from which she suffered a severe injury to her damage in the sum of $10,000.

The law seems to be well settled as a general proposition that a county is not liable any more than a state would be liable for the negligence 1. of its agents or officers, in the absence of a statute creating liability. *Board, etc.* v. *Daily* (1892), 132 Ind. 73, 31 N. E. 531; *White* v. *Board, etc.* (1891), 129 Ind. 396, 28 N. E. 846; *Smith* v. *Board, etc.* (1892), 131 Ind. 116, 30 N. E. 949; *Morris* v. *Board, etc.* (1892), 131 Ind. 285, 31 N. E. 77; *Board, etc.* v. *Allman* (1895), 142 Ind. 573, 42 N. E. 206; *State, ex rel.* v. *Board, etc.* (1908), 170 Ind. 595, 85 N. E. 513; *State, ex rel.* v. *Goldthait* (1909), 172 Ind. 210, 87 N. E. 133; *Talbott* v. *Board, etc.* (1908), 42 Ind. App. 198, 85 N. E. 376.

Appellant admits that it has been held in this jurisdiction that a county is not liable to an individual for the negligence of its officers, but insists that the authorities so holding are limited to the facts in the particular cases, and that to hold so absolutely is a harsh rule, unsound and without foundation in justice; that the rule should not be extended, and that by narrowing its application, the case at bar will not fall within the general rule; that §5989 Burns 1914, §5748 R. S. 1881, which provides that a county shall keep all public buildings of the county in repair, supports her contention and creates liability under the facts pleaded in the case at bar.

We address our attention to a review of the principle underlying the authorities, holding generally that a county is not liable for the negligent acts or omissions of its agents and officers, charged with the duty of transacting its business, in response to appellant's very earnest argument that we do so. A county may be termed a *quasi* corporation with corporate capacity for specific ends; being involuntary in that its creation is without the consent or con-

currence of its inhabitants, but by the sovereign power of the State for governmental purposes. Its corporate functions are to be performed in the manner provided by law. *State, ex rel. v. Goldthait, supra; State, ex rel. v. Hart* (1896), 144 Ind. 107, 43 N. E. 7, 33 L. R. A. 118; 7 R. C. L. 924, 936; *Stevens v. St. Mary's Training School* (1893), 144 Ill. 336, 32 N. E. 962, 36 Am. St. 438, 18 L. R. A. 832; *Board, etc. v. Daily, supra; Board, etc. v. Allman, supra.* The statute referred to by appellant has been in force since May 6, 1863, and adds no support to her contention, as the statute enjoins the duty on the board of commissioners to keep the public buildings of the county in repair without creating liability for failing so to do; hence, appellant's right of action, if one exists, as set forth in her complaint, is independent of statute.

As to the foundation upon which rests the legal proposition that a county is not liable for the negligent acts of its agents and officers, nothing can be added to the language found in 7 R. C. L. 955, 956: "The principal ground upon which it is held that counties are not liable for damages in actions for their neglect of public duty is that they are involuntary political divisions of the state, created for governmental purposes, and are organized without regard to the consent or dissent of the inhabitants. * * *. Another reason is that since a county is but a political subdivision of the state, a suit against the county is, in effect, a suit against the state, and that therefore an action will not lie without the consent of the legislature."

The duties of a board of commissioners are public in their nature. The service it performs is for the public, from whence members thereof receive their emoluments, and it is not answerable to an individual for its negligent acts, "A breach of duty by a

county under this line of reasoning creates a liability to the state only, on account of which an offending county may be amenable to a public action by indictment, but not at the suit of an individual * * * ." 4 R. C. L. 226. In the case of *Board, etc.* v. *Daily, supra,* it was held that the county was not liable for a personal injury occasioned by reason of the negligence of the board of commissioners in caring for and controlling the courthouse, but recognized that a distinction existed in this State between the duties imposed as to the care and management of public buildings and that of public bridges, but added that the weight of authority was against holding a county liable for injuries occurring by reason of the failure of the county to keep the public bridges in repair. Following this decision, the case of the *Board, etc.* v. *Allman, supra,* reached the Supreme Court, which was an action against the county to recover for the death of a person caused by a defective approach to a bridge over a watercourse, and as aforesaid the courts had prior, to this time recognized liability on the part of the county, when injuries occurred by reason of the county negligently failing to keep the bridges in proper repair. By this decision it was laid down generally in overruling many of the earlier decisions that a county was not liable for the negligent conduct of its officer and servants, placing it upon the broad ground that the county is a subdivision of the State and as such is an instrumentality of government, exercising the authority given by the State and no more liable for the acts or omissions of its officers than the State. The facts alleged in the case at bar bring it within the reasoning applied in the Allman case, *supra,* and we find no criticism of the principle there announced, but on the contrary the greater weight

of current authority supports this principle. No error was committed in sustaining the demurrer of the board of commissioners to the complaint.

This leaves for consideration the question as to whether the individual members of the board of commissioners are liable under the facts alleged in the complaint. The complaint in addition to characterizing the acts omitted to have been done on the part of appellees as being negligent, also states that the acts were wilfully omitted. The acts alleged to have been omitted by appellees could not have been both negligently and wilfully omitted, as negligence and wilfulness are incompatible. To constitute a charge of wilful injury, the act or acts which produced the injury must have been intentionally omitted or omitted to have been done under such circumstances as to evince a reckless disregard for the safety of others and a willingness to inflict the injury. The general tenor and scope of the complaint discloses that it proceeds upon negligence; it does not disclose an intentional omission to perform a duty. *Vandalia R. Co.* v. *Clem* (1911), 49 Ind. App. 94, 96 N. E. 789; *Barrett* v. *Cleveland, etc., R. Co.* (1911), 48 Ind. App. 668, 96 N. E. 490; *City of Union City* v. *Murphy* (1911), 176 Ind. 597, 96 N. E. 584. The charge here is not that the individual members of the board of commissioners of Delaware County negligently performed a duty, and out of the negligent performance the injury to appellant arose; the charge is that they negligently failed to perform a duty. The board of commissioners acts for and represents the county, and as some authorities hold, is the county. 11 Cyc 388; *Platter* v. *Board, etc.* (1885), 103 Ind. 360, 2 N. E. 544; *State, ex rel.* v. *Clark* (1853), 4 Ind. 315; *Patton* v. *Board, etc.* (1884), 96 Ind. 131; *Hoffman* v.

*Board, etc.* (1884), 96 Ind. 84. . The board is an entity for the performance of the business that falls within the statutory scope of its duty, and among the many duties that fall to its lot is to keep the public buildings of the county in repair. The failure to do so is nonfeasance of public officers, but as we have seen, by reason of the nature of the corporation, which the board represents, the county is not liable for the failure of the board to perform its duty. Outside of the privity of relation that the individual members of the board of commissioners bear to the county by reason of being officers charged with the performance of prescribed duties, their relations are the same as that of any other inhabitant of the county, with no additional authority, nor charged with any additional responsibility. Now where the entity, made up of three resident voters of the county, styled the board of commissioners, and holding their offices by virtue of an election, fails as such to discharge a duty it owes to the public, Can the individual members be held liable to an individual, who is injured by the nonfeasance of the board? It may be stated generally that members of a corporate body, such as the board of commissioners, upon which a duty rests, can not be held liable for the neglect of duty of the body, and a refusal to perform a duty is the refusal of the body and not the individuals comprising it; and, being an official duty, it is owing to the public and not to the citizens distributively. 5 Thompson, Negligence (2d ed.) §6402; *Monnier* v. *Godbold* (1906), 116 La.. 165, 40 South. 604, 5 L. R. A. (N. S.) 463; *Packard* v. *Voltz* (1895), 94 Iowa 277, 62 N. W. 757, 58 Am. St. 396; *Hydraulic Press Brick Co.* v. *School District* (1899), 79 Mo. App. 665; *Bassett* v. *Fish* (1878), 75 N. Y. 303; *Bates* v. *Horner* (1893), 65 Vt. 471, 27 Atl. 134, 22 L. R. A. 824; 2 Shearman & Red-

field, Negligence (6th ed.) §340a; 2 Cooley, Torts (3d ed.) 756; *Daniels* v. *Hathaway* (1892), 65 Vt. 247, 26 Atl. 970, 21 L. R. A. 377. In *Bassett* v. *Fish, supra,* it was held that school trustees act as a corporate body and not as individuals, but if any of the members "had done a wrongful act, wilfully or negligently, upon the premises of the district, from whence injury came to the teacher or scholar, he would ordinarily be liable; but not because he was a trustee or a member of the board of education, but because he was the person doing the act." And in *Hydraulic Press Brick Co.* v. *School District, supra,* it was held that where the school corporation failed to take a bond from an original contractor, and loss resulted thereby, that the school directors were not individually liable, as they did not act as individuals in the enterprise of erecting the school building, but as a board, and to hold otherwise would be to establish a harsh rule, and to place upon officers of municipal corporations a burden grievous to bear. In *Monnier* v. *Godbold, supra,* where recovery was sought against the members of a pharmacy board in failing to perform an official act, it was held that it was the neglect of the body and not the neglect of the individuals composing it, and further it was said, "In the case before us the act complained of was not one of commission, but of omission (a refusal to grant a certificate), and the action or nonaction of the corporate body was one with which the defendants were connected exclusively in their positions as members of the board. Nothing which they did or could not do, simply as individuals, could alter the situation. As individuals, they were strangers to the act complained of." In 2 Shearman & Redfield, Negligence (6th ed.) §340a, the rule is thus stated, "whether such officers are to be deemed agents of the city in its cor-

porate capacity, or public officers in law, in neither case, if the act complained of is one of nonfeasance only can it be made the basis of a private action; yet the general rule may be said to be that if such act is one of misfeasance, and directly injures a plaintiff, he is entitled to maintain his action against them individually for injury wrongfully inflicted."

The omission to perform the duty, which appellant alleges was the cause of the injury, was the neglect of the board of commissioners, and not of the individuals comprising it, and, under the authorities, no liability exists as against the individual members of the board. The demurrer was properly sustained to the complaint. Judgment affirmed.

NOTE.—Reported in 110 N. E. 237. Liability of county boards to private individuals, see 95 Am. St. 80. On liability of county for injuries to persons from condition of buildings, see 39 L. R. A. 59. See, also, under (1) 11 Cyc 497, 498; (2) 29 Cyc 424; (3) 11 Cyc 380, 411, 412.