Filed March 10, 1885.

---

No. 12,070.

## BARNETT v. FEARY.

LANDLORD AND TENANT.—*Lease.*—*Election of Tenant as to Longer Term.*—*Rescission.*—Where a tenant, who is in possession of farm premises under a lease for one year, with the privilege of three, prior to the expiration of the year notifies the lessor that he has rented another farm, and will at once vacate the premises held under such lease, and thereupon the former arrangement is mutually rescinded, such tenant thereby

elects not to hold such premises longer than one year, and the tenancy is terminated at that time.

SAME.—*Occupancy.—Notice.*—In such case, the mere occupancy of the land at and after the expiration of the year can not be deemed an election to hold it for three years, in the face of an express notification of a different election, and after the opposite party has acted upon the same by leasing the land to other parties.

REAL ESTATE.—*Action to Recover.—Landlord and Tenant.—Damages.—Evidence.*—Where a tenant unlawfully detains possession of farm land during the season for sowing wheat, and so prevents the owner from using it for a wheat crop, in an action by the latter for possession and damages, evidence that the land is better adapted to wheat than corn is admissible.

SAME.—*Rent.*—In such case, evidence as to the rental value of the house situate upon the land, per month, during the time of the detention, is admissible.

SAME.—*Proof of Value of Land.*—Proof of the value of the land, in such case, during the time of its detention, is not necessary in order to entitle the plaintiff to recover.

WITNESS. – *Credibility.—Cross-Examination.*—Any fact tending to impair the credibility of a witness, by showing his interest or bias, may be elicited on cross-examination.

INSTRUCTIONS.—*Harmless Error.—Practice.*—There is no available error in a refusal to give an instruction to the jury which is predicated upon a fact which their answers to interrogatories show does not exist.

PLEADING.—*Construction.*—In construing a pleading with reference to an allegation of fact, all its averments relating thereto will be considered.

PRACTICE.—*Pleading.—Harmless Error.*—An error in overruling a demurrer to one paragraph of complaint will not reverse the judgment where it affirmatively appears that the finding was upon another paragraph.

From the Shelby Circuit Court.

*E. P. Ferris, W. W. Spencer, J. S. Ferris* and *A. Akers,* for appellant.

*E. K. Adams* and *L. J. Hackney,* for appellee.

BEST, C.—The appellee brought this action against the appellant to recover possession of the land in the complaint described, with damages for its detention and for waste alleged to have been committed thereon.

The complaint consisted of two paragraphs, to each of which a demurrer, for the want of facts, was overruled, and

an answer in denial filed. Trial, verdict and judgment for the appellee. A motion for a new trial was overruled, and this ruling and the ruling upon the demurrer to the second paragraph of the complaint are urged as error.

This action was commenced on the 21st day of January, 1884, and the first paragraph of the complaint alleged that the plaintiff was the owner, was entitled to the possession of the premises in question, and had been since the 12th day of September, 1883; that since that time the defendant had unlawfully detained the premises, committed waste, etc., thereon.

The second paragraph alleged that the plaintiff, on the 12th day of September, 1882, by a written lease, a copy of which was filed, leased the premises to the defendant for one year, with the privilege of three; " that after the expiration of said year the defendant agreed with the plaintiff that he would take said farm for another year under said contract, and he continued in possession of said farm by virtue of that arrangement; that afterwards, to wit, about August 27th, 1883, he notified the plaintiff that he had rented another farm and would at once vacate her farm, whereupon by their agreement then made they mutually rescinded the aforesaid arrangement by which he was to remain on said farm for another year as her tenant;" that she thereupon rented said farm to two other persons, but that the defendant refuses to yield possession and unlawfully detains the same, etc.

The appellant insists that the averment in the second paragraph of the complaint, that "after the expiration of said year," etc., an arrangement was made to keep the farm a year longer, shows that he remained in possession under the lease for more than one year, and as such continued possession operated as an election to hold for the term of three years, his tenancy had not expired when this action was commenced, and therefore this paragraph was not sufficient.

If the averment in question was the only averment fixing the time when such arrangement was made, there would be

much plausibility in the appellant's position, but it is not. There are other averments in the pleading that must be considered in connection with this one, and, when thus considered, the paragraph, fairly construed, avers that such arrangement occurred prior to the expiration of the first year. Such an arrangement operated as an election not to hold the farm any longer than a year, and such an election terminated the tenancy at the expiration of the year. The mere occupancy of the land at and after the expiration of the year can not be deemed an election to hold it for three years, in the face of an express notification of a different election, and after the opposite party had acted upon such notification by leasing the land to other parties.

If, however, we are mistaken as to the construction of this pleading, and the same is insufficient, the error in overruling the demurrer can not reverse the judgment. The jury, in answer to an interrogatory, found that the parties in August, 1883, rescinded the contract made by them as to the possession of the land after the first year, and as the finding of this fact supports the first paragraph of the complaint, if the second is unlike it, we think it may be said that it affirmatively appears that the finding was upon the first paragraph of the complaint. In such case an error committed in overruling a demurrer to some other paragraph of the complaint will not work a reversal of the judgment. *Blasingame* v. *Blasingame,* 24 Ind. 86 ; *Stanton* v. *State, ex rel.,* 82 Ind. 463.

The motion for a new trial embraced several reasons. These will be noticed in the order of their discussion. The first is that the verdict was not sustained by the evidence. This is based upon the assumption that the averment in the second paragraph of the complaint, heretofore mentioned, amounts to a conclusive admission that the appellant's possession of the premises for more than one year operated as an election to hold them for the period of three years. This position can not be maintained. There is no admission in such paragraph, when properly construed, as we think, that the appellant's

Barnett *v.* Feary.

term continued longer than one year. There being no such admission, the evidence showed that it terminated at the end of the year; indeed, the voluntary surrender of the possession by the appellant in February, 1884, seems to contradict his position upon this question. The evidence fully justified the verdict of the jury upon this point.

The appellant voluntarily surrendered the possession of the farm before the trial, and no judgment was rendered for its recovery, but a judgment of $75 for its detention from the expiration of the year till the 14th day of February, 1884, when the possession was surrendered, was rendered. The detention of the farm during this time prevented the appellee from using it for a wheat crop, and she called witnesses to prove that the farm was better adapted to a wheat than a corn crop. This was proper. The jury might properly consider such fact in estimating the damages.

The evidence offered to show the rental value of the house per month during the time of the detention was also properly submitted to the jury.

The appellant's son, a young man twenty-one years of age, who was still living with his father, was called by him and testified in his behalf. Upon cross-examination the appellee asked him if he did not have the custody of, and was not assuming to own, all or nearly all the personal property owned by his father at the commencement of the suit. This was proper. Any fact tending to impair the credibility of the witness by showing his interest or his bias may be elicited on cross-examination. 1 Wharton Ev., section 567.

The objections taken to the third, seventh and eighth instructions raise the same questions that have already been decided against the appellant and we will not notice them more particularly.

The court refused to give the first instruction asked by the appellant. This was right. The instruction, among other things, stated that, in order to recover, "the plaintiff must prove by a fair preponderance of the evidence that she is en-

titled to the possession of the real estate and the value of the same while it was unlawfully detained." This was wrong. Proof of the value of the land during the time of its detention was not necessary in order to entitle the appellee to recover possession, and therefore this instruction was properly refused.

The appellant asked the court to instruct the jury, that if they found that he continued in possession of the premises in dispute until the commencement of the suit, with the appellee's consent, such possession was not unlawful. The jury found in answer to an interrogatory, that the appellant's possession was not with the appellee's consent, and therefore, as the fact upon which the instruction was predicated did not exist, no available error was committed in refusing to give the instruction. *Kuhns* v. *Gates*, 92 Ind. 66.

This disposes of all the questions in the record, and as no error appears the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.

Filed Feb. 18, 1885; petition for a rehearing overruled June 10, 1885.