## CITY OF UNION CITY *v.* MURPHY.

[No. 21,990. Filed December 5, 1911.]

1. NUISANCE. — *Wilful.* — *Cities.* — *Sewers.* — *Waters.* — *Complaint.*—A complaint alleging that the defendant "knowingly, wilfully and negligently" turned large volumes of surface-water into a sewer, thereby causing the water to back into plaintiff's cellar, to his damage, that plaintiff notified defendant thereof, that defendant refused to remedy such condition, but continued to connect other lateral drains with such sewer, thus increasing the damage, shows a wilful and not a negligent injury. p. 598.

2. PLEADING.—*Complaint.—Theory.*— A complaint must proceed upon a definite theory, and the recovery must be based thereon. p. 599.

3.  NEGLIGENCE. — *Wilful Injury.* — *Complaint.* — *Instructions.* — A single paragraph of complaint cannot be good upon the theory of negligence, and also of wilful injury; and an instruction in such a case that the plaintiff may recover on proof of negligence or of wilful injury is erroneous.  p. 600.

From Randolph Circuit Court; *James S. Engle,* Judge.

Action by Martin Murphy against the City of Union City. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.  *Reversed.*

*Theodore Shockney,* for appellant.

*S. R. Bell,* for appellee.

MYERS. J.—Appellee brought this action to recover damages for alleged injury to his property, caused by appellant's alleged converting of a small sanitary sewer into a storm and surface-water sewer, as a result of which the sewer became overloaded, and the water and sewage backed into appellee's cellar.  In the court below appellee recovered damages in the sum of $275.  The only error assigned is the overruling of the motion for a new trial.  The complaint is in a single paragraph.

Instructions were given, to the effect that if appellee was damaged through the negligence of appellant, he could recover for his loss, provided he could show that he was free from contributory negligence.  Other instructions were given, to the effect that if the jury should find that noxious and offensive material was forced into appellee's cellar, as a result of the construction of additional lateral sewers and flood-water catch-basins, and that appellee's cellar was thereby rendered unwholesome and impure, and his residence unhealthful and unfit for habitation, and if it was found that appellant knew these facts, then it was guilty of maintaining a nuisance, and there was no necessity for appellee to prove freedom from contributory negligence.  It is contended by appellant that the theory of the complaint is that the damage was caused through the negli-

gence of appellant, and that therefore the court erred in giving those instructions in regard to nuisance and wilful injury. The complaint in this case recites that "defendant knowingly, wilfully and negligently turned large volumes of surface-water into said sewer," etc. It further alleges that appellee was not guilty of contributory negligence. Appellant has cited several cases where persons, injured by trains, alleged in their complaints that the railroad company had "purposely, wilfully and negligently" caused the injury, and it was held that the complaint did not charge wilful injury. The ground for these decisions, however, was that the facts related in the complaint showed that the injury was not intentional, and the mere use of the terms "purposely" and "wilfully" was not sufficient to make a charge of wilful injury. In this case the facts as recited in the complaint do not show that injury was unintentional, but just the opposite. It is alleged that appellee informed appellant that he was being damaged by backing of sewage into his cellar, but that appellant not only refused to remedy this condition, but continued to connect other lateral drains with the sewer, thereby increasing the damage to appellee. We think that the theory of the complaint, judged from its general scope and tenor, is that appellee was damaged wilfully or intentionally.

However, as contended by appellant, the cause must be tried upon a single theory, and plaintiff must recover upon that theory, or not at all. In the case of *Gregory* v.

2. *Cleveland, etc., R. Co.* (1887), 112 Ind. 385, 387, it is said: "There is a clear distinction between cases which count upon negligence as a ground of action and those which are founded upon acts of aggressive wrong or wilfulness, and a pleading should not be tolerated which proceeds upon the idea that it may be good either for a wilful injury, or as a complaint for an injury occasioned by negligence. It should proceed upon one theory or the other, and is to be judged from its general tenor and scope." It was

the duty of the court to determine from the general scope and tenor of the complaint upon what theory the cause was to be tried, and to give instructions accordingly. If the complaint proceeded upon the theory of wilful injury, appellee could not recover for injury caused by the negligence of appellant, even though the court should find facts in his favor showing that he had an action for this cause. Therefore, it was error to give instructions under which appellee could recover either for wilful injury or for injury resulting from negligence. *Batman* v. *Snoddy* (1892), 132 Ind. 480; *Feder* v. *Field* (1889), 117 Ind. 386; *Armacost* v. *Lindley* (1888), 116 Ind. 295; *Gregory* v. *Cleveland, etc., R. Co., supra; First Nat. Bank* v. *Root* (1886), 107 Ind. 224; *Cleveland, etc., R. Co.* v. *Godman* (1885), 104 Ind. 490; *Brown* v. *Will* (1885), 103 Ind. 71; *Bremmerman* v. *Jennings* (1885), 101 Ind. 253; *Cleveland, etc., R. Co.* v. *Wynant* (1885), 100 Ind. 160; *Mescall* v. *Tully* (1883), 91 Ind. 96; *Thomas* v. *Dale* (1882), 86 Ind. 435.

Appellant also contends that appellee has no cause of action in this case on the ground of negligence. It is unnecessary to decide this question, since the judgment must be reversed upon the error already pointed out.

The judgment is reversed.

Monks, J., did not participate in this decision.