Jones, E. H., P. J.,
dissenting. I cannot agree with my associates as to the nature of this action as disclosed by the pleadings, nor upon the conclusions to be drawn from the evidence as to the right of nossession since March 1st, last.
Plaintiff alleges that defendant is plowing the fields and sowing rye, and her first prayer is that he be enjoined from so doing, for the reason that his right of possession will terminate on March 1, 1915, and that he is planting a crop that will not mature by that time. This prayer is further predicated upon allegations the substance of which is that such conduct on the part of defendant is equivalent to a threat to interfere with or totally deprive plaintiff of her possession after March 1, 1915, when, she avers, such right will accrue to her.
At the time plaintiff began this action below, she had no right of possession and claimed none. So that the 4th paragraph of the syllabus in Raymond v. T., St. L. & K. C. Ry. Co., 57 Ohio St., 271, so strongly relied upon in the foregoing opinion, has no application to this case. There the plaintiff had the right to possession, as stated in the syllabus. Basing its judgment on that fact, the court there held that plaintiff had a remedy at law. What remedy at law had this plaintiff when her action was commenced? None whatever.
If defendant had the right to plow one or two fields in November and plant rye, he had an equal right to continue plowing throughout the winter, until the whole farm was plowed. He had received written notice in July to vacate on March 1st and apparently acquiesced. No plowing was done, nor fall planting done, until long after the usual time, *55 and it seems clear to me that his purpose in acting at such late date was to challenge plaintiff to interfere and to advise her of his determination to remain on the farm after March 1st when she claimed the right of entry.
As to the respective rights of the parties at this time I am also at variance with my colleagues. The law upon the subject of' the extension and renewal of leases is fairly well settled, but we differ in our application of the law to the facts in this case. I cannot enter into a discussion of the evidence. Suffice it to say that the testimony of Dr. Harlan, detailing the conversation in December 1914 with Veidt, is not disputed and stands as an uncontradicted fact on this record. Veidt’s positive statement cannot be taken but as a notice that he would leave the farm on March 1st. This, in view of his failure to retract what he said, and the failure of plaintiff to make any repairs prior to March 1st, terminated Veidt’s tenancy on that date. Then he refused, upon demand, to pay the rent and only paid it immediately after á quarrel with Dr. Harlan in the following June. It makes no difference what the law may be as to mere holding over in the absence of declarations. Such is not this case. It was the proper and natural thing for the new owner to inquire of Veidt what his future intention was with respect to the farm, and Veidt is bound by his unretracted, deliberate answer, followed on March 5th by a similar' declaration and his refusal to pay the rent then due under the terms of the lease upon which he now relies.
In discussing the subject, Jones, in his work on Landlord and Tenant, Section 341, says:
*56 “Yet the tenant’s announcement of his intention not to accept the extension would override the presumption arising from his continuance in possession.” See, also, Barnett v. Feary, 101 Ind., 95.
The reference in the lease to the deed to Mrs. Harlan certainly gave Veidt no greater rights than he then had. Nor did the payment of the rent in June, 1914, for that year to Mr. Walburg, or anything written or said by Veidt at the time to Walburg, have any effect upon the status of Mrs. Harlan. Witness the letter by Walburg to Veidt, of June 15 th.
I am of opinion that plaintiff was entitled to an injunction when the action was brought and that right is not impaired by reason of the fact that she asked other relief to which she was not entitled.
This question is so coupled with the other that it is unnecessary to say that I am also of the opinion that defendant’s right to occupy the farm ended on March 1, 1915.