## MIAMI COUNTY BANK v. STATE OF INDIANA, EX REL. PERU TRUST COMPANY, GUARDIAN, ET AL.

### [No. 9,338. Filed April 21, 1916.]

1. PLEADING.—*Inconsistent Causes.—Tort and Contract.*—Where a paragraph of complaint was on the theory of an action to recover on a guardian's bond, it was insufficient as against a codefendant who was not a party to the bond, though it contained averments sounding in tort that might have been sufficient to show a liability based on alleged wrong in dealing with the trust funds. p. 632.

2. PLEADING.—*Inconsistent Causes.—Tort and Contract.*—A complaint seeking recovery *ex contractu* is inconsistent in theory with a recovery *ex delicto.* p. 632.

3. PLEADING.—*Theory of Action.—Inconsistency.*—A complaint must proceed upon some definite theory and be good on that theory or it will be held insufficient when duly challenged. p. 632.

4. PLEADING.—*Complaint.—Sufficiency.*—A complaint will be sufficient to withstand a demurrer for insufficient facts if the facts averred entitle the plaintiff to any relief upon the theory of such pleading. p. 632.

5. PLEADING.— *Theory of Action.—Inconsistent Causes.—Tort and Contract.*—A complaint which adopts some general theory may aver several facts which, independent of other averments, show a liability, and the plaintiff may recover by proof of so much of his complaint as shows a liability on the general theory of his pleading, but a pleading can not be held good on two or more inconsistent and contradictory theories. p. 630.

6. APPEAL.—*Review.—Demurrer to Complaint.—Insufficient Memorandum.*—Although the memorandum accompanying a demurrer may be insufficient to present the defect in a complaint, the court on appeal is not precluded from deciding the question where it is presented by the exceptions to the conclusions of law. p.633.

From Miami Circuit Court; *Joseph N. Tillett,* Judge.

Action by the State of Indiana, on the relation of Peru Trust Company, Guardian, against the Miami County Bank and others. From the judgment rendered, the defendant named appeals. *Reversed.*

*Cox & Andrews,* for appellant.

*Albert Ward,* for appellees.

FELT, P. J.—The appellee, the State of Indiana on the relation of Peru Trust Company, as guardian of Ruth H., Vera V., Grace L., Westley A., and John F. Perry, minors, brought this suit to recover certain funds alleged to belong to the wards. The first paragraph of complaint is a suit on the guardian's bond, against John F. Perry, former guardian of the wards, United States Fidelity and Guaranty Company surety for John F. Perry on the bond and Millard F. Pearson receiver of the property of John F. Perry. The second paragraph of complaint is against the same parties and also against appellant, Miami County Bank.

The execution of the guardian's bond by Perry, as principal, and by the United States Fidelity and Guaranty Company as his surety, is alleged, and it is also averred that the bond required Perry, to faithfully discharge his duties as guardian and account for all moneys that came into his hands as such guardian and that he failed and refused to do so. The bond is made a part of the paragraph by exhibit, and it is also averred that Perry received

as such guardian $1,050.54 and that he and appellant unlawfully conspired together for the purpose of converting such trust fund, and did unlawfully convert and appropriate it to their own use and benefit. The appellant demurred to the second paragraph of complaint for insufficiency of the facts alleged to state a cause of action against it, which demurrer was overruled by the court and appellant duly excepted to the ruling. The United States Fidelity and Guaranty Company filed a cross-complaint against appellant and its coappellees in which it set up at length all the facts relating to the guardianship, the receipt, deposit and misuse of the trust funds, and prayed that appellant, John F. Perry and Pearson, receiver, be required to pay into court for the use of the guardian of said wards, the amount of funds received by Perry while acting as guardian of said minors, with interest thereon and a penalty of ten per cent in discharge of the liability on the guardian's bond executed by Perry and cross-complainant. Appellant demurred to the cross-complaint for insufficiency of the facts alleged to state a cause of action against it, which demurrer was overruled by the court and excepted to by appellant. Issues were duly joined on the complaint and cross-complaint. The case was tried by the court and on due request it made a special finding of facts and stated its conclusions thereon.

The general situation, history, issues and facts of the case are similar to those of the cases of *Miami County Bank* v. *State, ex rel.* (1916), *ante* 360, 112 N. E. 40. There is no dispute about the receipt of the funds by Perry while acting as guardian, his deposit of them in his general personal account with appellant, his failure to account for them, his resignation as guardian and the

appointment of the Peru Trust Company as guardian of the wards for whom Perry had previously acted.

The finding follows in the main the averments of the complaint and cross-complaint and among other things shows that John F. Perry received a check payable to him as guardian of his wards, naming them, in the sum of $1,050.54, and on September 17, 1913, deposited the same with appellant; that the cashier of the bank when said funds were so deposited knew that Perry was guardian of the wards and that the aforesaid funds belonged to them and not to Perry personally; that at the time the funds were so deposited Perry's account was overdrawn in the sum of $30.99 and appellant paid the same out of said funds; that soon thereafter John F. Perry borrowed of appellant $1,300 and placed the same to his credit with the bank and thereafter also deposited $1,100 to his account; that he checked upon the account and his checks were honored by appellant, and when the note for $1,300, borrowed money, became due, it was paid by check of Perry out of his personal account in which the trust funds and other funds had been commingled as aforesaid, all with the knowledge and consent of appellant.

The substance of the conclusions of law is: (1) that the relator as guardian should recover of and from John F. Perry, United States Fidelity and Guaranty Company and the Miami County Bank $1,236.55; (2) that Perry is liable as principal and United States Fidelity and Guaranty Company as surety on the guardian's bond; (3) that Miami County Bank is liable to the relator as guardian, "as principal and cotrustee with John F. Perry to account for the whole of said trust fund"; (4) that the property of Perry and appellant be first

exhausted to satisfy said debt due the relator as aforesaid before payment is required from United States Fidelity and Guaranty Company for any part thereof; (5) that the funds in the hands of the receiver are not subject to the payment of any part of said sum.

The appellant has assigned as errors, the overruling of its demurrer to the complaint and to the cross-complaint; error in each conclusion of law and in overruling its motion for a new trial.

The theory of the second paragraph of complaint is that of a recovery upon the bond of the defaulting guardian. True, the pleading contains averments sounding in tort against John F. Perry and appellant, but the theory is too apparent to be open to conjecture. The paragraph seeks to hold appellant liable as principal upon an instrument it did not execute, and is therefore insufficient, even though the averments sounding in tort might be sufficient to show a liability in a suit for a recovery based on the alleged wrong in dealing with the trust funds. A paragraph which seeks to recover *ex contractu*, is inconsistent in theory with a recovery *ex delicto*. On the theory of the second paragraph of the complaint the relator, as guardian, is entitled to no relief against appellant. A complaint must proceed upon some definite theory and be good on that theory or it will be held insufficient when duly challenged. True, a complaint will be sufficient to withstand a demurrer for insufficient facts, if the facts averred entitle the complainant to any relief upon the theory of such pleading, but the case at bar does not come within such class of pleadings. It is also true that a pleading which adopts some general

theory may aver several facts which independent of other averments, show a liability, and the complainant may recover by proof of so much of his complaint as shows a liability on the general theory of his pleading.    The rules of pleading do not permit the courts to hold a pleading good on two or more inconsistent and contradictory theories.    *Dyer* v. *Woods* (1906), 166 Ind. 44, 51, 76 N. E. 624; *Oölitic Stone Co.* v. *Ridge* (1908), 169 Ind. 639, 641, 83 N. E. 246; *First Nat. Bank* v. *Rupert* (1912), 178 Ind. 669, 671, 100 N. E. 5; *City of Union City* v. *Murphy* (1911), 176 Ind. 597, 599, 96 N. E. 584; *Citizens Tel. Co.* v. *Fort Wayne etc., R Co.* (1913), 53 Ind. App. 230, 233, 100 N. E. 309, Ann. Cas. 1916 A 132. The second paragraph of complaint is therefore insufficient to state a cause of action against appellant.

There may be doubt as to the sufficiency of appellant's memorandum to present the question on which we have held the second paragraph 6. of complaint insufficient, but the exceptions to the conclusions of law present the same question and we have therefore decided it.

The other questions presented are identical with those decided in *Miami County Bank* v. *State, ex rel., supra,* and on the authority of that case we hold that the court erred in overruling appellant's demurrer to the cross-complaint of the United States Fidelity and Guaranty Company, in the conclusions of law which hold appellant liable in this action and in overruling appellant's motion for a new trial.    The judgment is therefore reversed with instructions to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 112 N. E. 389.    As to personal liability of guardians, see 75 Am. Dec. 447.