FARWICK *v.* WALKER HOSPITAL OF EVANSVILLE ET AL.

[No. 14,822.   Filed February 18, 1936.]

490

*McDonald & McDonald,* for appellant.

*Craig & Mitchell,* for appellee.

CURTIS, C. J.—This was an action for damages brought by the appellant against the appellees for the alleged malpractice of the appellee Wynn who it was asserted was the agent of the appellee hospital, it being further alleged that the appellee Welburn was the manager and owner of said hospital. There were two paragraphs of complaint filed but the first was dismissed by the appellant and will not need be further noticed. To the second paragraph of complaint upon which the case was tried the appellees filed two paragraphs of answer, one being a general denial and the other a special answer to which latter there was a reply in general denial.

Upon the issues thus tendered the cause was submitted to a jury for trial. Upon the conclusion of the appellant's evidence the appellees moved the court that the jury be instructed to find for them, which motion was sustained and the jury so instructed, pursuant to which instruction, the jury returned a verdict for the appellees and against the appellant upon which the court rendered judgment. The appellant seasonably filed a motion for a new trial which was overruled with an exception to the appellant and this appeal prayed and perfected, the error assigned and relied upon by the appellant being the ruling on said motion. The causes or grounds of the motion are:

"(1) The court erred in sustaining the motion of the defendants to direct the jury to return a verdict for the defendants.

"(2)  The court erred in giving to the jury instruction number one, being a peremptory instruction to find for the defendants."

The latter cause or ground of the motion is sufficient to call into review the complained of action of the trial court.

The record as pointed out by the appellant in his brief discloses that "At the close of the plaintiff's evidence the defendants move that the jury be instructed to find for the defendants for the reason that no evidence has been introduced showing or tending to show wilful or wanton acts on the part of any of the defendants, nothing but negligence having been shown, which motion was by the court sustained, and the court instructs the jury as follows . . ." The court then gave the said peremptory instruction, the giving of which is the erroneous action relied upon in the motion for a new trial.

From what has been heretofore set out there can be no doubt but that the trial court construed the second paragraph of complaint upon which the cause was tried as being a complaint for damages based upon wilful injury. The appellant was held to such theory by the trial court when the said motion for a directed verdict was sustained. Was this ruling of the court erroneous? If so, the judgment must be reversed, otherwise affirmed. In order to present the question understandingly we deem it essential to set out said paragraph of complaint and also to state in condensed form the allegations of the first paragraph of answer thereto. Omitting formal parts, said paragraph of complaint is as follows:

"For his second and further paragraph of complaint herein, plaintiff says that said defendant Walker Hospital is a corporation, organized and existing under and by virtue of the laws of the State of Indiana; that it is engaged in the business of owning and operating a hospital, and furnishing for hire, medical and surgical

aid to the afflicted, and in the conduct of its said business has in its employ a number of physicians and surgeons and nurses, among whom is the defendant, Justice F. Wynn; that the defendant Welborn is a physician and surgeon and owns and controls and is the managing officer and director of the defendant hospital; that in the conduct of his business and profession, and in the conduct and management of the business of said defendant corporation, the said defendant Welborn and said defendant The Walker Hospital, have organized the physicians and surgeons employed by them, and by each of them therein, into a staff which they have named and designated as 'The Welborn Hospital Clinic Staff,' in which said staff the defendant Wynn is included; that said defendant Walker Hospital and Welborn, and each of them, used and employed the various members of said 'clinic staff,' including the defendant Wynn, at all times herein mentioned, to treat and care for the afflicted persons who came or were sent to said hospital for care and treatment;

"That on, to wit, the 4th day of January, 1929, this plaintiff sustained an injury to his left leg by which both the bones in said leg, between the knee and ankle were fractured in an oblique fracture and was sent to said defendant hospital for care and treatment for his said injuries; that thereupon said defendants, and each of them, undertook properly, skillfully and diligently to set said fractured bones and to properly treat, cure and heal said injury; that the nature of said fracture was such that proper skillful and diligent treatment required that said fractures be reduced by traction and kept in place by proper traction and fixation, that the foot be placed and held at right angle to the leg, with toe pointed upward, that the patient be placed and kept in a bed especially designed for treatment of such fractures, known as a fracture bed, or if none available,

that the broken leg should be otherwise elevated and kept in an elevated position; that the broken ends of the bones should be held in correct apposition by means of suitable steel or plaster of Paris cast splints and by means of weights properly applied; and that the patient be confined to his bed and said leg kept still and unmoved during the period of forming union; that in the event the ends of said broken bones should slip and override and unite in that position they should be rebroken and placed and held in correct apposition and that, if necessary, an opening should be made in the leg at the points of fracture and said broken bones fastened together in correct apposition by means of wires, metal plates, or other devices; that each and all the foregoing facts were to each of said defendants well known at all times herein alleged; that plaintiff was and remained under the sole and exclusive treatment and care of said defendants from time of his said injury to and including the 20th day of May, 1929, on which last named day said defendants, and each of them, abandoned and ceased to treat and care for this plaintiff and discharge him; that notwithstanding said defendants, and each of them, had full and complete knowledge of each and all the foregoing facts at all times herein mentioned, said defendants, and each of them, intentionally, willfully and wantonly, and with the wicked intent then and thereby to injure this plaintiff and to inflict the injuries hereinafter complained of, continuously during all the time plaintiff was under their care and treatment, as aforesaid, failed and refused to so properly, skillfully and diligently set said fractured bones and to so properly treat, cure and heal said injury, and so intentionally and willfully and with said wicked intent as aforesaid, failed and refused to either properly reduce said fracture, or to place or keep said broken bones in proper and correct apposition to each other, or to apply proper

traction, or to place and keep the plaintiff's foot at right angle to his leg with toe pointed upward, or to place and keep plaintiff on a fracture bed; or to place or keep plaintiff's said broken leg in an elevated position, or to attach any weight thereto; or to rebreak and reset said bones in correct and proper apposition (although they, and each of them, well knew that the ends of said broken bones had slipped by and were overriding each other) ; or to cut into the point of fractures and fasten said broken ends together with wire or metal plates (although they, and each of them well knew that that was the only way in which said bones could be made to reunite and heal in correct and proper apposition) ; and ordered and directed plaintiff to leave said hospital and go to his home on the 22nd day of January, 1929, without making or requesting any special preparations for his care in the way of proper bed or elevation of his said limb and ordered and directed plaintiff to make repeated trips, in an ordinary taxicab, for treatment without any special instructions or care for the movement or handling of said broken limb, and applied no fixation support of any sort to his said limb at any time except a light weight plaster of Paris cast which was too light to hold said broken bones in proper position and apposition.

"Plaintiff says further that by reason of each of the aforesaid acts, on the part of said defendants, and each of them, as aforesaid, said plaintiff was, and still is, caused to suffer great pain and anguish, both mental and physical, the bones of said leg have been caused and allowed to over-ride and over-lap, said leg has become shortened, and bowed so that whatever weight is placed thereon in using the same is placed on the side of his foot, his foot has been drawn sidewise, the ligaments of the ankle have been stretched and strained, and said leg and ankle rendered weak, painful and diseased, and still

so remains; the general health of plaintiff has been greatly impaired, weakened and ruined to such an extent that he has been rendered, and is now, unable to perform any kind of work or labor; that plaintiff is not, on account of his lack of education, able to perform any work other than manual labor; that by reason of the condition of his said leg as aforesaid plaintiff is unable to move or use said leg without great pain and suffering, or to walk without the use of a cane or crutch; that plaintiff's said condition is incurable; that by reason of the premises plaintiff has already lost almost two years' time from labor and is permanently and totally disabled; that by reason of the premises the plaintiff has been damaged in the sum of twenty-five thousand dollars.

"Wherefore, plaintiff prays judgment against said defendants in the sum of twenty-five thousand dollars ($25,000.00) and for all other proper relief in the premises."

The said first paragraph of answer to the above paragraph of complaint alleged in substance that when the injury to the appellant occurred he was in the employment of one Floyd Schofner & Company and that the said injuries arose out of and in the course of said employment and that he duly filed his claim for compensation and was awarded compensation by the Industrial Board of Indiana which he has received in full for the permanent partial impairment of his leg to the extent of 50% and that by reason thereof he is estopped from prosecuting his claim against these appellees. We are not called upon to pass upon the sufficiency of the said answer.

The appellant's main contention is best summarized by his proposition number one of his brief as follows:

"The trial court erred prejudicially in sustaining the motion of appellants to instruct the jury to return a verdict for the defendants, and in giving such an in-

struction pursuant to said motion, for the reason that ample evidence was introduced in behalf of appellant to require a submission of the cause to the jury upon the theory of negligence."

The contention of the appellees is clearly stated by them in their brief as follows:

"The appellant, although submitting his action for hearing on the theory of willful injury, has, continuously since the fatal character of his theory has become apparent to him, attempted to 'shift' this theory to an action for negligence and is displaying the same inclination in this appeal. The assertion of appellant, at page 78 of his brief, will be noted, in relating to his 'shifting' of theory, as follows:

'That ample evidence was introduced, in behalf of appellant, to require a submission of the cause to the jury upon the theory of negligence.'

"A litigant is not permitted to 'shift' the theory of his pleading to meet the exigencies of the case, and such practice is condemned by our courts of last resort. It would violate all rules of pleading to permit the complaint to be construed as best suited the exigencies of the case; for to allow such a course of procedure would produce uncertainty and confusion and materially trench upon the right of the adversary to be informed of the issue he is required to meet. The rule is that a complaint must proceed on a distinct and definite theory, and upon that theory the case must stand or fall. It follows, therefore, that in the instant case the theory adopted by the pleader, for the trial of his case, and which was adopted by the trial court, is conclusive.

"It is a cardinal principle of law, and a principle which is applicable to the instant case, that a pleading is construed most strongly against the pleader.

"Although the second paragraph of appellant's complaint, on which he submitted his cause, is clearly predi-

cated on the theory of willful injury, it may, nevertheless, be stated, as a principle of law, in passing, that when the facts pleaded are such that they are susceptible of more than one construction, so that they may be construed as proceeding upon different theories in the statement of a cause of action, the construction placed upon them by the trial court will be the theory upon which they will be considered on appeal.

"Where, as in the instant case, a theory has been adopted by the parties and the trial court, and the case has been submitted upon that theory, adherence thereto on appeal is a well established principle of law in Indiana. It follows, therefore, that the theory of willful injury adopted by the appellant, whether or not tenable, nevertheless, constitutes the basis of his action, on which he must either stand or fall."

A careful reading of the paragraph of complaint under consideration leads us to the conclusion that the construction placed upon it by the trial court was correct and that the court committed no error in the complained of peremptory instruction. The general scope and tenor of said paragraph of complaint leads one inevitably to the conclusion that it proceeds upon the theory of a willful injury. The evidence does not sustain that theory. The following cases have been helpful. *City of Union City* v. *Murphy* (1911), 176 Ind. 597, 96 N. E. 584; *Callaway, Rec.* v. *Mellett* (1896), 15 Ind. App. 366, 44 N. E. 198; *Crabb* v. *Orth* (1892), 133 Ind. 11, 32 N. E. 711; *Chicago T. H. & S. E. Ry. Co.* v. *Collins* (1924), 82 Ind. App. 41, 142 N. E. 634, 143 N. E. 712.

No reversible error having been shown the judgment is affirmed.