REA RIGGIN & SONS, INC., ET AL. *v.* SCOTT.

[No. 17,065.   Filed September 29, 1943.]

*Davis & Davis,* of Muncie, for appellants.

*White & Haymond* and *George W. Pierce,* all of Muncie, for appellee.

ROYSE, C. J.—Appellee brought this action against appellants to recover damages for personal injuries caused by a collision of appellee's automobile with a motor truck belonging to appellant Rea Riggin & Sons, Inc., driven by Chester Bailey, coappellant, an employee of the corporation.

Trial by jury on appellee's first paragraph of amended complaint resulted in a verdict in favor of appellee in the sum of $500.00.

The errors assigned here are: (1) The court erred in overruling appellants' separate and several motion to make the amended complaint more definite, specific and certain; (2) the court erred in overruling appellants' separate and several demurrer to the amended complaint; (3) the court erred in overruling appellants' separate and several motion for a new trial; (4) the court erred in refusing to give to the jury twenty instructions tendered by appellants.

The first paragraph of amended complaint alleges, in substance, that appellant Rea Riggin & Sons, Inc. was a corporation organized and doing business under the laws of Indiana; that there was a certain public highway paved with blacktop to the width of approximately 18 feet, extending north from the Town of Parker, in Randolph County, Indiana, for several miles; that this highway was intersected at right angles approximately one mile north of said town of Parker by

another public highway, commonly known as Centennial Pike, extending in an easterly and westerly direction, paved with gravel to a width of approximately 16 feet; that on or about June 30, 1939 at about 8:00 a. m. appellee was operating a Pontiac four-door sedan automobile owned by him in a southerly direction over said north and south highway in the vicinity of its intersection with said Centennial Pike; .that on said date appellant Chester Bailey, as agent and servant of appellant Rea Riggin & Sons, Inc., and in the course of his employment as such agent, drove a milk truck owned by said appellant corporation in a westerly direction over said Centennial Pike and negligently, recklessly and carelessly drove and operated the same at the rate of speed of approximately 55 miles per hour into the intersection of said highways after appellee's automobile had entered said intersection and immediately in front of appellee's automobile without stopping and without giving any warning signal of any kind or character whatsoever, although appellee had the right of way at said intersection, thereby causing the automobile of appellee to collide with said truck; that as a result of said negligence, recklessness and carelessness on the part of said appellants in the operation of said truck appellee was violently thrown about within his automobile in such a manner that he suffered severe personal injuries which are set out in the complaint; that as a result of said injuries he was unable to work for a long period of time after said collision. ·

There were three specifications in appellants' motion to require appellee to make his complaint more definite, specific and certain. It sought to require appellee to set out and state facts in support of the following alleged conclusions: (1) "that the defendant, Chester Bailey, at said time drove said truck in a westerly direc-

tion over Centennial Pike and negligently, recklessly and carelesly drove and operated the same at a rate of speed of approximately fifty-five (55) miles per hour;" (2) "without stopping and without giving any warning signal of any kind or character whatsoever although the plaintiff had the right of way at said intersection;" (3) that "plaintiff was unable to work for a long period of time after said collision."

Appellants contend the complaint shows on its face the collision occurred outside the city limits and no facts are pleaded which show the alleged speed was greater than was reasonable or prudent, or that defendant was not using due care; that the complaint does not allege facts showing defendant was required to stop at said intersection, or that he was required to give any warning signal; that there are no facts alleged showing that defendant was employed or had any earning power before said collision.

In considering motions of this kind, it is an elementary rule that the complaint must be considered in its entirety. *Barnett* v. *Feary* (1885), 101 Ind. 95, 97; *Over* v. *Schiffling* (1885), 102 Ind. 191, 26 N. E. 91; *Kahle et al.* v. *Crown Oil Co.* (1913), 180 Ind. 131, 100 N. E. 681; *Daly et al.* v. *Showers* (1937), 104 Ind. App. 480, 487, 8 N. E. (2d) 139.

The amended paragraph of complaint alleges that appellant Bailey drove the truck at a speed of fifty-five miles per hour into the intersection after appellee's car entered the intersection and in front of the car appellee was driving without stopping and without giving any warning signal. It further alleges that appellee was driving south and appellant Bailey was driving the truck west. This would put appellee on the right-hand side of appellant. These averments are the statement of facts which adequately

support the allegation that appellant Bailey was driving recklessly, negligently and carelessly. There was no error in overruling appellants' motion. *Barnett* v. *Feary, supra; Over* v. *Shiffling, supra; Kahle et al.* v. *Crown Oil Co., supra; Daly et. al.* v. *Showers et al., supra.*

For the same reason the trial court did not err in overruling appellants' demurrer.

In the third assignment of error appellants allege the trial court erred in overruling their motion for a new trial. This motion contained four specifications. All except the fourth have been waived because not referred to in their brief. Rule 2-17 of the Supreme Court.

The fourth specification of the motion for a new trial and the fourth assignment of error allege the trial court erred in refusing to give twenty instructions. The instructions tendered by appellants and refused by the court related to the evidence necessary to sustain a recovery by appellee; to the duty of the driver of an automobile to use the care which would be used by an ordinary prudent person in operating an automobile to avoid an accident; to the law as to the right of way of motor vehicles at intersecting highways, and to the law of contributory negligence. The trial court in other instructions properly and fully instructed the jury on all of these subjects. Therefore no error was committed in refusing to give the tendered instructions. *State* v. *Hamer et al.* (1937), 211 Ind. 570, 199 N. E. 589; *Ball* v. *McPheeters* (1937), 211 Ind. 157, 5 N. E. (2d) 885; *Funk* v. *Bonham* (1932), 204 Ind. 170, 183 N. E. 312.

Finding no error, the judgment of the Delaware Circuit Court is affirmed.

NOTE.—Reported in 50 N. E. (2d) 664.